UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
GIPSI G.,

Plaintiff, **DECISION AND ORDER**
1:25-CV-06578-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2022, Plaintiff Gipsi G.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Christopher James Bowes, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

This case was referred to the undersigned on June 17, 2026. Presently pending are the parties' competing requests for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

For the following reasons, Plaintiff's request is due to be granted, the Commissioner's request is denied, and this case is remanded for further administrative proceedings.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on February 27, 2022, alleging disability beginning March 18, 2018. (T at 196).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). On May 28, 2024, Plaintiff amended her alleged onset date to June 30, 2022. (T at 191).

A hearing was held on June 13, 2024, before ALJ Michael J. Stacchini. (T at 35-62). Plaintiff appeared with an attorney and testified. (T at 41-55). The ALJ also received testimony from Joseph Atkinson, a vocational expert. (T at 56-61).

### *B. ALJ's Decision*

On July 19, 2024, the ALJ issued a decision denying the application for benefits. (T at 14-34). The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2028,

[2] Citations to "T" refer to the administrative record transcript at Docket No. 9.

and had not engaged in substantial gainful activity since June 30, 2022 (the amended alleged onset date). (T at 19).

The ALJ concluded that Plaintiff's left shoulder impingement/tendinosis/adhesive capsulitis; degenerative disc disease of the cervical and lumbar spine; right carpal tunnel syndrome; and hypertension were severe impairments as defined under the Act. (T at 20).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can perform frequent left reaching, as well as frequent right handling and fingering; and must avoid unprotected heights and hazardous machinery. (T at 20).

The ALJ concluded that Plaintiff could perform her past relevant work as a police clerk and surveillance system monitor. (T at 27). In addition, and in the alternative, considering Plaintiff's age (40 on the amended

alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 27-28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between June 30, 2022 (the amended alleged onset date) and July 19, 2024 (the date of the ALJ's decision). (T at 28-29).

On June 5, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### *C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 8, 2025. (Docket No. 1). On January 22, 2026, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 12). The Commissioner interposed a brief in opposition to Plaintiff's request and requesting judgment on the pleadings, on March 17, 2026. (Docket No. 14).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court’s review is limited to “determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.” *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). “Substantial evidence” is “more than a mere scintilla” and “means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

“In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.” *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

“When there are gaps in the administrative record or the ALJ has applied an improper legal standard,” or when the ALJ’s rationale is unclear, remand “for further development of the evidence” or for an explanation of

the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe

impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff offers one main argument in support of her request for reversal of the ALJ's decision. She contends that the ALJ erred in assessing the medical opinion evidence with respect to her ability to use her left upper extremity for reaching and her right hand for handling and fingering. The Court will summarize the medical opinion evidence and then address the ALJ's analysis.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany*

*Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In July of 2023, Dr. Julia Kaci performed a consultative examination. She diagnosed left shoulder pain, right carpal tunnel syndrome, and hypertension. (T at 1321). Dr. Kaci opined that Plaintiff had moderate limitation with respect to reaching with her left shoulder and moderate impairment in performing activities requiring repetitive use of the right hand. (T at 1321).

In that same month, Dr. R. Pradhan, a non-examining State Agency review physician, concluded, *inter alia*, that Plaintiff was limited to

occasional reaching in front and/or laterally and occasional reaching overhead with her left shoulder. (T at 68).

Dr. John Fkiaras performed a consultative examination in November of 2023. He diagnosed left shoulder pain, history of left shoulder surgery in 2020, right wrist/hand pain, cervical neck pain, low back pain, history of sleep apnea, hypertension, history of psychiatric hospitalizations, and headaches. (T at 1419). Dr. Fkiaras opined that Plaintiff had moderate limitation with respect to reaching with her left upper extremity. (T at 1419).

In December of 2023, Dr. S. Naroditsky, a State Agency review physician, assessed no limitation with respect to Plaintiff's ability to reach or handle. (T at 77).

Dr. Ranga Krishna, a neurologist, completed a functional assessment in April of 2024. Dr. Krishna opined that Plaintiff was limited to occasional reaching, handling, fingering, and feeling with both upper extremities. (T at 1442).

In May of 2024, Dr. Kevin Weiner, Plaintiff's treating pain management specialist, completed a functional assessment, in which he opined that Plaintiff was limited to occasional reaching, handling, fingering, and feeling with both upper extremities. (T at 1453).

As noted above, the ALJ determined that Plaintiff retained the RFC to perform a range of light work, involving frequent reaching with her left upper extremity, as well as frequent handling and fingering with her right upper extremity. (T at 20).

In reaching this conclusion, the ALJ found Dr. Pradhan's opinion persuasive, except for the limitation to occasional left reaching; considered Dr. Narditsky's assessment persuasive, except that the ALJ found that Plaintiff did have limitations with manipulation and left reaching; considered the consultative examination opinions from Dr. Kaci and Dr. Fkiaras partially persuasive; and found the opinions of Dr. Krishna and Dr. Weiner unpersuasive. (T at 25-26).

The Court finds that the ALJ's analysis of the medical opinion evidence cannot be sustained.

Two points at the outset.

First, there is no dispute that Plaintiff is limited in her ability to perform left reaching and manipulation with her right upper extremity. The question is whether Plaintiff can perform left reaching and right handling/fingering *frequently.*

Second, the answer to that question is material to the disability determination. The vocational expert testified that a hypothetical claimant

with Plaintiff's RFC, but limited to *occasional* left reaching and *occasional* right handling/fingering could not perform Plaintiff's past relevant work and/or any other work that exists in significant numbers in the national economy. (T at 60).

None of the treating or examining providers reached the conclusions that the ALJ did – *i.e.,* that Plaintiff could perform frequent left reaching and/or frequent right handling/fingering.

The Commissioner points to the opinions of Dr. Kaci and Dr. Fkiaras (the consultative examiners) and argues that their shared assessment of "moderate" limitation with respect to reaching, handling, and fingering support the ALJ's conclusion that Plaintiff retained the ability to perform those activities frequently.

However, "[t]here is conflicting case law on the issue of whether a restriction to performing an activity 'frequently' accommodates a moderate limitation." *Kimberly J. v. Comm'r of Soc. Sec.*, 725 F. Supp. 3d 305, 311 (W.D.N.Y. 2024)(collecting cases).

Moreover, an ALJ's reliance on "moderate" limitation to support frequent activity is generally sustained in cases where there was a "noted lack of evidence to support a need for greater restriction." *Robert G. B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-0291 (DEP), 2022 WL 4482737, at *6,

n.4 (N.D.N.Y. Sept. 27, 2022); *see also Sanders v. Comm'r of Soc. Sec.*, No. 20-CV-2229 (ALC), 2021 WL 4176238, at *15 (S.D.N.Y. Sept. 14, 2021).

Here, by contrast, Dr. Krishna and Dr. Weiner (Plaintiff's treating physician) both limited Plaintiff to occasional performance of reaching, handling, and fingering. (T at 1442, 1453). Dr. Pradhan, a State Agency review physician, limited Plaintiff to occasional reaching. (T at 68).

In addition, these opinions are supported by ample evidence in the treatment record, including positive clinical findings of pain and limitation in the left shoulder and right hand (T at 339-41, 346, 363, 369, 634, 1045-46, 1098, 1183, 1218, 1224, 1228, 1243, 1262, 1280, 1462-63, 1465), and imaging studies revealing abnormalities in the left shoulder, spine, and right hand. (T at 401, 403-04, 412-13, 1230-31, 1405, 1407-08, 1410-15, 1436, 1437, 1438).

The ALJ erred by relying on his lay reading of the record to discount the shared assessment of multiple medical professionals and to support the conclusion that Plaintiff could perform frequent reaching, handling, and fingering over the course of an 8-hour workday. *See Amarante v. Commissioner of Social Security*, No. 16-CV-0717, 2017 WL 4326014 at *10 (S.D.N.Y. Sept. 8, 2017) (remanding where ALJ "improperly assume[d]

the mantle of a medical expert"); *see also Bienvenido J.P. v. Commissioner of Social Security*, No. 20-CV-9270, 2022 WL 901612, at *5 n. 3 (S.D.N.Y. March 28, 2022) ("The ALJ remains a layperson and should not 'assume the mantle of a medical expert….'"); *Nunez v. Kijakazi*, No. 1:20-CV-05907, 2022 WL 2872666, at *2 (E.D.N.Y. July 21, 2022)("The ALJ can neither substitute her own opinion for the experts, nor cherry-pick the facts to support her conclusion.")(citing *Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999)).

Lastly, the ALJ did not believe the consultative examiners' assessment of moderate limitation supported the RFC determination, as he found less than persuasive the reaching and handling/fingering limitations identified by Dr. Kacio and Dr. Fkiaras. (T at 25-26).

The ALJ also erred by discounting Plaintiff's subjective complaints of pain and limitation.  The ALJ found Plaintiff's complaints inconsistent with her activities of daily living, which included personal care, light household chores, and travelling. (T at 24).

However, the ALJ failed to explain how these activities are evidence of the ability to perform frequent reaching, handling, and/or fingering over the course of an 8-hour workday. *See, e.g., Cabrera v. Comm'r of Soc. Sec.*, No. 16-CIV-4311, 2017 WL 3686760, at *4 (S.D.N.Y. Aug. 25,

2017)("The ALJ had an obligation to better explain his decision to discount Dr. Tsinis' opinion based on Cabrera's alleged ability to perform daily activities, and to at least acknowledge the rigor of Cabrera's daily activities and the limitations she placed on those tasks."); *Molina v. Colvin*, 13-CV-4989, 2014 U.S. Dist. LEXIS 95998, 2014 WL 3445335, at *15 (S.D.N.Y. July 15, 2014) ("There is a big difference[ ] between an occasional walk or shopping trip and sitting/standing for an eight hour workday"); *Woodford v. Apfel*, 93 F. Supp.2d 521, 529 (S.D.N.Y. 2000) (explaining that a claimant's performance of basic self-care activities does not contradict assertions of disability).

In addition, Plaintiff has a strong employment history, including two decades of service with the New York City Police Department (T at 175-76, 197), which reflects favorably on the credibility of her complaints. *See Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983)("A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."); *see also Hughes v. Colvin*, No. 15-CV-181S, 2017 WL 1088259, at *6 (W.D.N.Y. Mar. 23, 2017)(noting that "a claimant with an established history of employment is unlikely to be 'feigning disability'")(citation omitted)(collecting cases).

B. Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Remand is required here for a proper assessment of the medical opinion evidence and Plaintiff's subjective complaints regarding her ability to reach, handle, and finger.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is GRANTED; the Commissioner's request for judgment on the pleadings is DENIED; and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The

Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: July 8, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge